UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISAAC GICHURU KINUTHIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RON ROSENBERG, Chief of the AAO, ) <br> Honorable JOHN F KELLY, et. al. ) <br> ) <br> Defendants. ) <br> ) | Civil A. No. 17-10255-LTS |

MEMORANDUM AND ORDER

March 8, 2017

SOROKIN, J.

The plaintiff, Isaac G. Kinuthia, challenges the denial of his I-140 visa petition by Defendants Ron Rosenberg, the Chief of the Administrative Appeals Office ("the AAO"); the Honorable John F. Kelly, Secretary of the Department of Homeland Security; Leon Rodriguez, the Director of the United States Customs and Immigration Service (USCIS); and Mark Hazuda, Director of USCIS Nebraska Service Center, alleging the denial of his petition was arbitrary and capricious, in violation of the USCIS's established rules and procedures and the Administrative Procedure Act ("the APA"), and in violation of the Due Process clause of the Fifth Amendment of the Constitution. Doc. No. 1. Defendants move to dismiss, Doc. No. 11, and Kinuthia opposes. Doc. No. 13.

I.  BACKGROUND[1]

   A.  Factual Background

Kinuthia, a citizen of Kenya, has resided in the United States since August of 2002. Doc. No. 1 at 10. In 2006, he received a Bachelor of Science degree in Civil Engineering from Michigan Technological University ("Michigan Tech"). Id. at 10. He is an engineer, holding a professional license in civil engineering from the States of Wisconsin and Michigan. Id. at 10-11. He is also a member of the National Society of Professional Engineers ("NSPE"). Id.

During the time that Kinuthia has resided in the United States, he has worked as an assistant engineer at the Wisconsin Department of Transportation ("WisDOT"), where he "provided guidance on environmental and storm water policies, rules, regulations, and guidelines," and performed "environment reviews, analysis, and coordination of transportation improvement projects." Doc. No. 1-2 at 4. He has also worked in Midland County, Michigan as a part of a team that created a model to predict flooding. Id.

In 2016, Kinuthia self-published a book *A Preview of Jesus' Seminal Teachings and Leadership*, which discusses topics such as "sanctity of life" and "when does life begin." Doc. No. 1 at 26. The book is available for sale on Amazon.com and at Barnes & Noble stores. Id. at 26.

   A.  Procedural History

On January 5, 2015, Kinuthia filed a petition for an I-140 visa seeking classification as an individual of extraordinary ability in the sciences ("EB-1 extraordinary ability in the

---

[1] All facts are drawn from the Complaint, Doc. No. 1, and the final decision of the AAO, which is attached to the Complaint as Exhibit A, Doc. No. 1-2. In considering the Motion to Dismiss, the Court accepts the Complaint's factual allegations as true. Saldivar v. Racine, 818 F.3d 14, 16 (1st Cir. 2016).

sciences classification") with the USCIS Nebraska Service Center. Doc. No. 1 at 9. The USCIS Nebraska Service Center denied Kinuthia's petition on September 21, 2015. Id. Kinuthia appealed the decision to the AAO, which the AAO denied on October 3, 2016. Id. Kinuthia then filed a joint motion to reopen and for reconsideration with the AAO, which, on February 2, 2016, the AAO also denied. Id. The AAO's February 2, 2016 denial of the motion for reconsideration is the final agency determination in this case. Id. The AAO's letter of explanation is attached to the Complaint as exhibit 2. See Doc. No. 1-2.

On February 16, 2017, Kinuthia filed this action challenging the AAO's decision, and asking the Court to vacate the decision and direct the AAO to declare Kinuthia an alien of extraordinary ability. See Id. at 32.

    B.    <u>The Final Administrative Decision</u>

The EB-1 extraordinary ability in the sciences classification is a designation intended for "priority workers." 8 U.S.C.A. § 1153. The designation is available to an alien who:

> has extraordinary ability in the sciences . . . which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation . . . seeks to enter the United States to continue work in the area of extraordinary ability, and . . . will substantially benefit prospectively the United States
>
> 8 U.S.C.A. § 1153

Pursuant to 8 C.F.R. § 204.5(h)(3), to be eligible for an EB-1 extraordinary ability in the sciences classification, an alien may present evidence that he or she "sustained national or international acclaim" through a major "one-time achievement," or evidence that he or she meets at least three of the following ten criteria:

1. Receipt of "lesser nationally or internationally recognized prizes or awards for excellence" in the sciences;
2. "[M]embership in associations in [the sciences], which require outstanding achievement of their members";

3. "Published material about the alien in professional or major trade publications or other major media, relating to the alien's work" in the sciences;
4. "[P]articipation, either individually or on a panel, as a judge of the work of others" in the sciences;
5. "[O]riginal scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the [sciences]";
6. "[A]uthorship of scholarly articles in the [sciences], in professional or major trade publications or other major media";
7. "[D]isplay of the [his] work in the [sciences] at artistic exhibitions or showcases"
8. Performance of a "leading critical role for organizations or establishments that have a distinguished reputation";
9. Receipt of "high salary or other significantly high remuneration for services, in relation to others" in the sciences;
10. "[C]ommercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales"

8 C.F.R. § 204.5(h)(3).

On motion to reopen and for reconsideration to the AAO, Kinuthia argued that he met seven of the ten criteria set forth in 8 C.F.R. § 204.5(h)(3). Doc. No. 1-2 at 2. Specifically, Kinuthia argued that (1) professional engineering licenses in Michigan and Wisconsin constitute "lesser nationally or internationally recognized prizes;" (2) membership in the National Society of Professional Engineers constitutes "membership in associations in [the sciences], which require outstanding achievement of their members;" (3) *Midland Daily News* articles discussing Kinuthia's *alma mater* Michigan Technological University is "[p]ublished material about [Kinuthia];" (4) Kinuthia's work with WisDOT, in which he served on compliance review committees, is "participation . . . as a judge of the work of others;" (5) Kinuthia's work in Midland County, Michigan, creating a flood prediction model is an "original scientific . . . contribution[] of major significance;" (6) Kinuthia's role as assistant regional storm water and erosion control engineer for the WisDOT constitutes a "leading critical role for [an] organization;" and (7) Kinuthia's compensation, including his supplemental pay rate, is a "high salary . . . in the sciences." Id. at 2-5. Kinuthia also submitted additional evidence in support of

his motion to reopen: an article from *Wikipedia* discussing *Midland Daily News,* and Kinuthia's self-published book *A Preview of Jesus' Seminal Teachings and Leadership*. Doc. No. 1-2 at 2.

In denying Kinuthia's joint motion, the AAO officer first considered Kinuthia's motion for reconsideration.[2] See id. at 2-5. The officer found that Kinuthia's motion failed to establish that he met any of the criteria set forth in set forth in 8 C.F.R. § 204.5(h)(3). First, the officer found Kinuthia's Michigan and Wisconsin licenses "demonstrate proficiency" but are not "nationally or internationally recognized prizes or awards." Id. at 2-3. Second, the officer found no evidence in the record that NSPE requires "outstanding achievement of its members." Id. at 3. Third, the officer found that *Midland Daily News* articles discussing Michigan Tech students are not "[p]ublished material about the alien [Kinuthia.]" Id. at 3. Furthermore, the officer found that *Midland Daily News* is not a major publication. Id. at 4. Fourth, the officer determined that Kinuthia's work at WisDot is not "judging" within the plain language of 8 C.F.R. § 204.5(h)(3)(iv). Fifth, the officer found Kinuthia had not established that his work in in Midland County, Michigan creating a flood prediction model was a contribution of "major significance" within the meaning of 8 C.F.R. § 204.5(h)(3)(iv). Id. at 6. Sixth, the officer determined Kinuthia had not established that his role as assistant regional storm water and erosion control engineer for WisDot was a "leading critical role" or that WisDot has a "distinguished reputation." Id. at 5. Finally, the officer found that, because Kinuthia had not presented evidence of "occupational wage data" or "salary survey results for professional engineers," Kinuthia had not demonstrated that his salary "was high relative to others in his field." Id. at 5. Accordingly, the officer denied

---

[2] A motion to reconsider must "be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law . . . [and] also establish that the decision was incorrect based on the evidence of record at the time of the initial decision." 8 C.F.R. § 103.5(a)(3).

5

Kinuthia's motion for reconsideration. Id. at 5.

The officer next considered Kinuthia's motion to reopen.[3] See id. at 6. In addressing the motion to reopen, the officer considered the additional evidence submitted by Kinuthia with his motion: (1) "information from the online encyclopedia *Wikipedia* stating that *Midland Daily News* has a circulation of 11,439 on weekdays, 11,855 on Saturdays, and 14,723 on Sundays;" and (2) a copy of *A Preview of Jesus's Seminal Teachings and Leadership*.

The officer first noted that *Wikipedia* is an "open, user-edited website," which "makes no guarantee of validity." Id. at 6 (citing *Wikipedia: General disclaimer*, Wikipedia (Dec. 17, 2015), https://en.wikipedia.org/wiki/Wikipedia:General_disclaimer). Regardless, the officer found the cited readership numbers "do not elevate *Midland Daily News* to a form of major media" or "affect [the officer's] finding that the articles in question were not about [Kinuthia.]" Id. Finally, the officer also found that, contrary to Kinuthia's contention, *A Preview of Jesus's Seminal Teachings and Leadership* does not satisfy 8 C.F.R. § 204.5(h)(3) authorship criterion because the book was published in 2016, after the filing of Kinuthia's I-140 form,[4] and because Kinuthia did not offer any supporting evidence "indicating his book constitutes an original scientific contribution of major significance." Id. at 6. Accordingly, the officer also denied Kinuthia's motion to reopen.

LEGAL STANDARDS

The standard of review in this case is governed by the Administrative Procedure Act ("the APA"), under which a "reviewing court shall . . . hold unlawful and set aside agency

---

[3] "A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence." 8 C.F.R. § 103.5(2).

[4] Eligibility for classification as an alien of extraordinary ability in the sciences must be established at the time of filing. 8 § 103.2(b)(1).

action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). This standard "is highly deferential, and the agency's actions are presumed to be valid." River St. Donuts, LLC v. Napolitano, 558 F.3d 111, 114 (1st Cir. 2009). Accordingly, "[t]he Court must affirm the agency's action as long as it is supported by a rational basis." Copeland Pizza v. Napolitano, No. CIV.A. 13-11437-DJC, 2014 WL 3896354, at *1 (D. Mass. Aug. 6, 2014); accord River St. Donuts, 558 F.3d at 114.

Finally, at the motion to dismiss stage, petitioner's claim for relief must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Bruns v. Mayhew, 750 F.3d 61, 71 (1st Cir. 2014) (citation and internal quotation marks omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

II. DISCUSSION

    A.    Due Process Claim

The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The Due Process Clause has both procedural and substantive components." Harron v. Town of Franklin, 660 F.3d 531, 535–36 (1st Cir. 2011). To the extent that Kinuthia's Due Process claim is a substantive challenge, he must allege "that the [challenged] acts were so egregious as to shock the conscience *and* that they deprived him [Kinuthia] of a protected interest in life, liberty, or property." Id. at 536 (emphasis in original). On the other hand, to establish a procedural due process violation, Kinuthia must show that "there exists a liberty or

7

property interest which has been interfered with by the State" and that "the procedures attendant upon that deprivation were constitutionally [in]sufficient." Id.

Kinuthia fails as to each. He neither articulates a deprivation of a protected interest nor does he allege executive action that is "truly outrageous, uncivilized, and intolerable" such that it is "sufficiently shocking to trigger the protections" of the substantive due process branch of the Fifth Amendment. Id. He does he articulate any liberty or property interest at all. See id. His allegation that Defendants violated the Due Process clause is thus merely "conclusory." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Accordingly, Kinuthia's Due Process claims are insufficient to survive a motion to dismiss. Id.; see Okpoko v. Heinauer, 796 F. Supp. 2d 305, 319 (D.R.I. 2011) (dismissing due process claim where plaintiff failed to identify any protected interest).

B. Arbitrary and Capricious and Improper Application of the Law

Classification as an alien of extraordinary ability is reserved for one who has "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). The designation is "extremely restrictive." Soni v. United States, No. CV 11-2431, 2016 WL 4154137, at *3 (D.N.J. Aug. 2, 2016) (citing Lee v. Ziglar, 237 F. Supp. 2d 914, 915 (N.D. Ill. 2002) (finding that "arguably one of the most famous baseball players in Korean history" did not possess the requisite extraordinary ability as a baseball coach)). "Only aliens whose achievements have garnered sustained national or international acclaim are eligible for an 'extraordinary ability' visa." Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115, 1120 (9th Cir. 2010) (citations omitted). "To meet this strict definition, an alien must submit evidence that she has sustained national or international acclaim and that her achievements have been recognized in

8

the field of expertise." Visinscaia v. Beers, 4 F. Supp. 3d 126, 131 (D.D.C. 2013). The evidence must include either "a one-time achievement (that is, a major, international [*sic*] recognized award)," 8 C.F.R. § 204.5(h)(3); or (2) at least three of the ten criteria enumerated in the regulations, see id.; supra at 3-4.

The AAO determined Kinuthia satisfied none of the ten criteria. See Doc. No. 1-2. Kinuthia challenges the determination as to seven of the criteria as arbitrary and capricious and an improper application of the law. See Doc. No. 1. Defendants argue Kinuthia has not alleged a plausible claim to relief because, accepting the facts set forth in the complaint as true, Defendants' determination was proper. See Doc. No. 12 at 6-20. The Court finds that Kinuthia has alleged a plausible error as to one of the seven criteria but has failed to allege error as to the other six.

1. *The first criterion: nationally or internationally recognized prizes*

Pursuant to 8 C.F.R. § 204.5(h)(3)(i) ("the first criterion"), Kinuthia submitted evidence of his professional engineering licenses, which he argues are "nationally or internationally recognized prizes or award [*sic*] consistent with [the] regulation criterion." See Doc. No. 1 at 11. The AAO officer found that the licenses "demonstrate proficiency" but are not "nationally and internationally recognized prizes or awards" in the field of engineering, as required by the first criterion. Doc. No. 1-2 at 2. Kinuthia alleges this finding was an arbitrary and capricious and misapplication of the law. Doc. No. 1 at 11. The cases to which Kinuthia cites in his Complaint, however, although generally affirming of the engineering profession, e.g. United States v. Nat'l Soc. of Prof'l Engineers, 389 F. Supp. 1193, 1216 (D.D.C. 1974), vacated, 422 U.S. 1031 (1975) ("The practice of engineering is a learned profession[.]"), are (1) unrelated to I-140 visas and (2) do not assert that license to practice engineering is an award or prize.

9

Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, see Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 378 (1989), nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

> 2. *The second criterion: membership in an organization which requires outstanding achievement of their members*

Pursuant to 8 C.F.R. § 204.5(h)(3)(ii) ("the second criterion"), Kinuthia submitted evidence that he is a member of NSPE, which he contends is sufficient to satisfy the second criterion. Doc. No. 1 at 11. The AAO officer found otherwise because Kinuthia submitted no evidence that NSPE requires "outstanding achievement of its members," as required by 8 C.F.R. § 204.5(h)(3); cf. Nat'l Hand Tool Corp. v. Pasquarell, 889 F.2d 1472, 1475 (5th Cir. 1989) ("It is well settled that the applicant for a visa bears the burden of establishing eligibility under the relevant criteria."). Kinuthia counters by citing cases involving NSPE, which discuss NSPE's code of ethics, e.g. Nat'l Soc. of Prof'l Engineers, 389 F. Supp. at 1200, and its purpose, e.g. Nat'l Soc. of Prof'l Engineers v. United States, 435 U.S. 679, 682 (1978). These cases, however, are not related to I-140 visas nor the admission requirements of NSPE. The AAO officer's interpretation of the law is consistent with the plain language of the statute, which requires "outstanding achievement" and not merely membership in an association in the field. See Braga v. Poulos, 2007 WL 9229758, at *5 (C.D. Cal. July 6, 2007), aff'd, 317 F. App'x 680 (9th Cir. 2009) (holding Plaintiff's membership in multiple Jiu-Jitsu organizations did not satisfy the second criterion because Plaintiff provided no evidence that any of the organizations required outstanding achievements of their members by, e.g., "requir[ing] a . . . black belt to join"). The AAO officer's analysis here is thus consistent with the statute. Accordingly,

10

Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

    3. *Third criterion: published material about the alien*

Pursuant to 8 C.F.R. § 204.5(h)(3)(iii) ("the third criterion"), Kinuthia submitted *Midland Daily News* articles. Doc. No. 1 at 15. The articles submitted by Kinuthia discuss Michigan Tech students but not Kinuthia specifically. Doc. No. 1-2 at 3. Kinuthia is pictured in one of the articles with a group of Michigan Tech students. Id. The caption to the picture names Kinuthia and the other students pictured. Id. The article however does not name the defendant. Id. Under these circumstances, the AAO officer's finding was neither arbitrary, capricious, nor an improper application of the law. The USCIS regulation requires the alien submitted evidence of "published material *about the alien*." 8 C.F.R. § 204.5(h)(3)(iii). Kinuthia cites Muni v. INS, 891 F. Supp. 440 (N.D. Ill. 1995) for the proposition that it is sufficient for the published material to relate to the petitioners work, Doc. No. 1 at 21, but Muni holds that the published material need not reference the petitioner as "a star"—not that the published material need not be about the petitioner. Muni, 891 F. Supp. at 445. Kinuthia cites no cases for the proposition that published material that is not specifically about the petitioner may satisfy the third criterion. Accordingly, Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

### 4. *Fourth criterion: participation as a judge of the work of others*

Pursuant to 8 C.F.R. § 204.5(h)(3)(iv) ("the fourth criterion"), Kinuthia submitted evidence of his work at WisDOT where he performed compliance review for seven counties. Doc. No. 1 at 22-23. The AAO officer found that Kinuthia's compliance review work did not fall within "the plain language of [the fourth criterion]," and that not "every instance of reviewing work as part of one's job duties falls under this criterion." Doc. No. 1-2 at 4. Kinuthia counters that his activities satisfy the fourth criterion because "to judge" means "to review" and Kinuthia reviewed engineering work performed by others at WisDOT.

In their motion to dismiss, Defendants posit that "an alien must show that he has acted as judge of the work of others beyond that required by his job, in order to satisfy [the fourth criterion.]" Id. Defendants' conclusion "rests on an improper understanding of 8 C.F.R. § 204.5(h)(3)(iv)." See Kazarian v. U.S. Citizenship & Immigration Servs., 596 F.3d 1115, 1121–22 (9th Cir. 2010) (finding that the AAO erred by requiring that the petitioner serve as a judge of the work of students outside the university at which petitioner worked). The USCIS regulation imposes no requirement that a petitioner serve as judge of others outside of his or her job. Defendants "may not unilaterally impose a novel evidentiary requirement." Kazarian, 596 F.3d 1115, 1121–22 (9th Cir. 2010). Kinuthia alleges that he submitted evidence that he judged the work of other engineers as a part of his compliance review work at WisDOT. Doc. No. 1 at 16. The regulation does not require that the petitioner show he judge the work of others outside of his or her job. While Kinuthia has established a legal error that Defendants imposed the requirement that Kinuthia participate in judging outside of his job, the Court need not consider the questions that arise from this error because Kinuthia has otherwise failed to state a claim. Infra at 15.

### 5. *Fifth criterion: significant impact in the field*

Pursuant to 8 C.F.R. § 204.5(h)(3)(v) ("the fifth criterion"), Kinuthia submitted evidence of his "contribution[s] to a flood prediction model which was hailed to be a major significance [*sic*]." Doc. No. 1 at 19. The AAO officer determined that Kinuthia had not satisfied the requirement because "the record does not demonstrate that [Kinuthia's] model has been widely applied in the civil engineering field" or that it has any impact "beyond Midland County." Doc. No. 1-2 at 4. The AAO officer's analysis here is consistent with the relevant language of 8 C.F.R. § 204.5(h)(3)(v), which requires a contribution of "major significance in the [petitioner's] field of endeavor." Thus, Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

Kinuthia additionally alleges his book *A Preview of Jesus's Seminal Teachings and Leadership* satisfies the fifth criterion. Doc. No. 1 at 19-20. Kinuthia does not allege that the book is in any way relevant to the field of engineering, such that it would qualify as a contribution of "major significance" in engineering. He has therefore not plausibly alleged an error in Defendants finding that the book does not satisfy the fifth criterion. Furthermore, the book was publish in 2016, after the January 2015 filing of Kinuthia's I-140 petition. The book therefore cannot satisfy the fifth criterion as eligibility for classification as an alien of extraordinary ability in the sciences must be established at the time of petitioner's filing. 8 C.F.R. § 103.2(b)(1).

6. *The eighth criterion: leading critical role with distinguished organization*

Pursuant to 8 C.F.R. § 204.5(h)(3)(viii) ("the eighth criterion[5]"), Kinuthia submitted evidence of his role as an assistant regional storm water and erosion control engineer for WisDot. Doc. No. 1 at 21. The AAO officer found that Kinuthia had not satisfied the eighth criterion because Kinuthia submitted no evidence that his role was a leadership position within the organization, such as evidence that Kinuthia managed a team of employees. Doc. No. 1-2 at 5. There are ten positions in the office at which Kinuthia worked, including "one supervisor, two leads, and two engineers, one of which [was Kinuthia]." Doc. No. 1-2 at n.2. Given the hierarchy at the office where Kinuthia worked and that Kinuthia submitted no evidence that his role required him to manage or lead others "beyond the discrete projects on which he worked," see Yasar v. Dep't of Homeland Sec., No. CIV.A. H-05-2448, 2006 WL 778623, at *12 (S.D. Tex. Mar. 24, 2006), Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

7. *The ninth criterion: significantly high remuneration compared to others in the field*

Pursuant to 8 C.F.R. § 204.5(h)(3)(ix) ("the ninth criterion"), Kinuthia submitted evidence of his salary at WisDOT, and evidence that he received supplemental pay, which WisDOT provides for "Engineering Related Classifications." Doc. Nos. 1 at 29; 13 at 25. The AAO officer found that Kinuthia failed to satisfy the ninth criterion because Kinuthia set forth

---

[5] Kinuthia does not allege that he met the sixth, seventh, or tenth criteria set forth in 8 C.F.R. § 204.5(h)(3).

no evidence as to the salaries of other engineers. Given that 8 C.F.R. § 204.5(h)(3) requires a petitioner to show that he has a "high salary . . . *in relation to others in the field*," it was not arbitrary or capricious for Defendants to find Kinuthia had not satisfied this criterion. Kinuthia's receipt of supplemental pay does not establish that his salary was high in relation to others in the field of engineering because the supplemental pay was reserved for those with "Engineering Related Classifications." See Doc. No. 13 at 25. As such, Kinuthia has not established Defendants' determination was arbitrary, capricious, an abuse of discretion, "a clear error in judgment," or otherwise not in accordance with law, nor has he made factual allegations that plausibly give rise to the prospect of any of the forgoing.

III.  CONCLUSION

Although Kinuthia appears to be a productive engineer, he has only perhaps plausibly presented one of the criteria set forth at 8 C.F.R. § 204.5(h), "and the 'extraordinary ability' visa regulations require three." Kazarian, 596 F.3d at 1122. Kinuthia has not therefore stated a plausible claim for relief. Accordingly, Defendant's Motion to Dismiss, Doc. No. 11, is ALLOWED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge